# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM F. JAMES, SR., | ) |
| Plaintiff, | ) |
| vs. | ) No. 06-0773-CV-W-FJG |
| BRUCE McKIMENS, | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is defendant's Motion for More Definite Statement (Doc. # 7) and plaintiff's Motion to Remand (Doc. # 8).

### I. BACKGROUND

On September 15, 2006, defendant removed this case from the Circuit Court of Jackson County, Missouri. In his state court petition, plaintiff sued Bruce McKimens, a Special Agent of the Office of the Inspector General for the Social Security Administration, for actions taken in connection with an investigation regarding James' work activity while receiving disability payments. The petition states that defendant is "liable for lost income and expenses due to illegal, unethical and unprofessional acts against the plaintiff."

### II. DISCUSSION

**A. Motion for More Definite Statement**

Defendant states that plaintiff's Complaint fails to identify what actions of Agent McKimens were illegal, unethical or unprofessional. In response, plaintiff filed a one page response which states only that the United States Attorney is trying to flood the

Court system with paperwork and trying to get the case dismissed without a hearing. He states that he has two witnesses and all that he is asking is to bring his evidence into a fair and impartial court of law.

Fed.R.Civ.P. 12(e) states in part, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." In <u>Dillon v. Brown County, Nebraska</u>, No. 8:02CV108, 2003 WL 820570, (D.Neb. Mar. 3, 2003), the Court stated,

> [a] motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. . . . Motions for a more definite statement are rarely granted, however, in light of the liberal notice pleading standard of Federal Rule of Civil Procedure 8 and the liberal discovery available to both sides. . . .
> Motions under Rule 12(e) are designed to strike at unintelligibility in a pleading rather than want of detail.

<u>Id</u>. at *4 (internal citations and quotations omitted).

In the instant case the Court finds that plaintiff's petition is ambiguous and incomplete to the point that it is unanswerable. It is unclear from reading the Complaint exactly what the plaintiff is alleging against the defendant. Therefore, the Court hereby **GRANTS** defendant's Motion for a More Definite Statement (Doc. # 6). Plaintiff shall file an Amended Complaint which more clearly states his claims on or before **February 28, 2007**. If plaintiff fails to file an Amended Complaint, his case will be dismissed.

**B. Motion to Remand**

As noted earlier, defendant removed this case to federal court on the basis of 28 U.S.C. § 1442(a)(1). That provision provides that if a plaintiff files an action against a federal officer, then the officer can remove the case to federal court. In this case, the

United States Attorney has indicated that Bruce McKimens was an employee of the United States of America.  In his pleading titled "Objection of Notice of Removal" plaintiff states only that the actions complained of occurred in Independence, Missouri and this is a civil matter between himself and Mr. McKimens and is not part of the laws, rules or regulations of the Social Security administration or the Inspector General's office.  In reply, defendant states the Motion to Remand should be denied because plaintiff has offered no justification for remanding this case.  The defendant is a Special Agent of the Inspector General's Office of the Social Security Administration, a federal agency and the United States has certified that he was acting in the scope of his employment during his investigation of plaintiff's work activities.  The Court agrees and finds no basis for remanding this case.  Accordingly, plaintiff's Motion to Remand is hereby **DENIED** (Doc. # 8).

### III. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** defendant's Motion for a More Definite Statement (Doc. # 7).  Plaintiff shall file an Amended Complaint on or before **February 28, 2007**.  The Court also **DENIES** plaintiff's Motion to Remand (Doc. # 8).

Date:  2/13/07  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge