# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM F. JAMES, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 06-0773-CV-W-FJG |
| | ) |
| BRUCE McKIMENS, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Currently pending before the Court is plaintiff's Motion to Reconsider Dismissal (Doc. # 21) and plaintiff's Motion to Appoint Counsel (Doc. # 22).

On March 20, 2007, the Court entered an Order dismissing plaintiff's Complaint for failure to file an Amended Complaint as ordered on February 13, 2007. In his Motion for Reconsideration, plaintiff states that he had no knowledge of the Court's Order. He also states that he delivered his response to defendant's Motion for a More Definite Statement to the U.S. Attorneys' office and left it with counsel for the defendant.

Defendant states that plaintiff cannot state a claim upon which relief can be granted against Special Agent McKimens, the Court lacks subject matter jurisdiction and that it is futile for plaintiff to pursue this action. Defendant states that plaintiff is not complaining of any conduct which could be characterized as tortious conduct actionable under the Federal Tort Claims Act. Additionally, defendant states that plaintiff's conduct cannot be considered as violating any of plaintiff's constitutional rights. Defendant also states that in claims arising under the Social Security Act, judicial review is permitted only in accordance with 42 U.S.C. § 405(g) and (h). Section 405(g) states in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(h) then states:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any other officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, to recover on any claim arising under this subchapter.

Thus, defendant states that it is possible that the plaintiff can state a claim against the Social Security Commissioner for the termination of his benefits, however, he must first pursue his administrative remedies.

The Court agrees and finds first that there is no basis on which to reconsider the dismissal of the Complaint. Plaintiff states only that he did not receive the Court's previous order, but the order was never returned and plaintiff did not indicate that it was sent to an incorrect address. Additionally, the Court finds that plaintiff has failed to state a claim against the defendant, because he has failed to exhaust his administrative remedies through the Social Security Administration. Accordingly, the Court hereby **DENIES** plaintiff's Motion to Reconsider the Dismissal of his Complaint (Doc. # 21) and **DENIES** plaintiff's Motion for Appointment of Counsel (Doc. # 22).

Date: 5/23/07　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　Chief United States District Judge